IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB DEWITTE and CAROLINE
COCHRAN,

      Plaintiffs,

vs.                                                                                                                  No. CIV 25-0191 JB/JFR

USAA INSURANCE AGENCY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Petition, filed February 24, 2025 (Doc. 1). Plaintiffs Jacob DeWitte and Caroline Cochran appear pro se. For the following reasons, the Court dismisses this case without prejudice for lack of jurisdiction.

## PROCEDURAL BACKGROUND

DeWitte and Cochran assert claims for breach of contract and bad faith against Defendant USAA Insurance Agency ("USAA"), and assert that the Court has diversity jurisdiction over this action based on the following: (i) DeWitte and Cochran own a home in the State of New Mexico; (ii) USAA is a corporation incorporated under the laws of the State of Georgia; (iii) USAA's principal place of business is in the State of Texas; and (iv) the amount in controversy exceeds $320,000.00. See Petition at 1-2. DeWitte and Cochran state that their address is in New Mexico. See Petition at 5. DeWitte and Cochran mail their Petition to the Court in an envelope that shows their return address is in the State of California. See Petition at 6.

The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies the Plaintiffs:

> Diversity jurisdiction requires that the action is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Ownership of a home is not equivalent to citizenship. See Lax v. APP of New Mexico ED, PLLC, 2022 WL 2711230, *5 (10th Cir.) ("residency in a state does not equate to citizenship . . . property ownership in a state, without more, does not establish citizenship in that state") (citing Whitelock v. Leatherman, 460 F.2d 507, 514 n.14 (10th Cir. 1972) and Evans v. Walter Indus., Inc., 449 F.3d 1159, 1165-66 (11th Cir. 2006)).
>
> We have described the citizenship inquiry as "an all-things-considered approach" in which "any number of factors might shed light on the subject in any given case." [Middleton v. Stephenson, 749 F.3d 1197, 1201 (10th Cir. 2014)]. Relevant factors include
>
>> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.
>
> Id. (internal quotation marks omitted). Although a person's "place of residence is prima facie the domicile," State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship.'").
>
> Lax v. APP of New Mexico ED, PLLC, 2022 WL 2711230, *3-4 (10th Cir.). Plaintiffs' allegation that they own a home in New Mexico, without more, is not sufficient to establish diversity jurisdiction.

Order to Show Cause at 2, filed February 25, 2025 (Doc. 3). Magistrate Judge Robbenhaar also orders DeWitte and Cochran to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. See Order to Show Cause at 2-4.

DeWitte and Cochran do not show cause or file an amended complaint by the March 18, 2025, deadline. The Clerk's Office mails copies of the Order to Show Cause to DeWitte and Cochran at their Santa Fe address, which is the address they list on the Petition. See Petition at 5.

The United States Postal Service returns the copies to the Clerk's Office marked "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." See Envelope Returned to Sender at 1 (dated February 24, 2025), filed March 31, 2025 (Doc. 9); Envelope Returned to Sender at 1 (dated February 24, 2025), filed March 31, 2025 (Doc. 10).

**LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally and holds the pleadings "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

**LAW REGARDING DIVERSITY JURISDICTION**

"Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"[1] Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL

---

[1] The Constitution of the United States permits -- but does not mandate -- Congress to authorize an even broader scope of federal subject-matter jurisdiction than Congress has chosen to enact: "The judicial power shall extend to all cases, in law and equity, . . . between citizens of different states." U.S. Const. art. III, § 2, cl. 1. This clause permits federal jurisdiction: (i) in cases with minimum diversity -- those in which any one party is a citizen of a different state than any opposing party -- in addition to cases with complete diversity; and (ii) in cases in which the amount

in controversy is below the statutory amount-in-controversy requirement.  See State Farm Fire & Cas. v. Tashire, 386 U.S. 523 (1967).

For the federal courts to have jurisdiction over a matter, however, jurisdiction must be both constitutionally empowered and Congressionally authorized. The Honorable John J. Sirica, then-Chief United States District Judge for the District of Columbia, states:

> For the federal courts, jurisdiction is not automatic and cannot be presumed. Thus, the presumption in each instance is that a federal court lacks jurisdiction until it can be shown that a specific grant of jurisdiction applies. Federal courts may exercise only that judicial power provided by the Constitution in Article III and conferred by Congress. All other judicial power or jurisdiction is reserved to the states. And although plaintiffs may urge otherwise, it seems settled that federal courts may assume only that portion of the Article III judicial power which Congress, by statute, entrusts to them. Simply stated, Congress may impart as much or as little of the judicial power as it deems appropriate and the Judiciary may not thereafter on its own motion recur to the Article III storehouse for additional jurisdiction. When it comes to jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth, and the Congress taketh away.

Senate Select Comm. on Pres. Campaign Activities v. Nixon, 366 F. Supp. 51, 55 (D.D.C. 1973) (footnotes omitted). The complete-diversity and amount-in-controversy requirements are two ways in which Congress has authorized a narrower scope of subject-matter jurisdiction than the full measure that the Constitution permits. Congress similarly has narrowed federal-question jurisdiction. Congress may authorize federal "arising under" jurisdiction over all cases in which "the constitution[] forms an ingredient of the original cause" of action.  U.S. Const. art. III, § 2, cl. 1 ("The judicial power shall extend to all cases, in law and equity, arising under this Constitution . . . .").

> We think, then, that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it.

Osborn v. Bank of U.S., 22 U.S. 738, 822 (1824)(Marshal, C.J.).  The federal-question jurisdiction statute requires, however, that a substantial, actually disputed question of federal law be present on the well-pleaded complaint's face, and that its resolution be necessary to the disposition of the claim over which jurisdiction is being asserted.  See 28 U.S.C. § 1331; Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 154 (1908).

3860748, at *12 (D.N.M. Aug. 27, 2012)(Browning, J.)(citing 28 U.S.C. § 1332(a)). As the Court previously explains, "[t]he Supreme Court of the United States has described this statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute." McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010)(Browning, J.)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267-68 (1806), overruled in part by Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908); and McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)). The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation." Valdez v. Metro. Prop. & Cas. Ins. Co., No. CIV 11-0507 JB/KBM, 2012 WL 1132374, at *15 (D.N.M. March 19, 2012)(Browning, J.)(citing McPhail v. Deere & Co., 529 F.3d at 956). The Court discusses the two requirements in turn.

   **1. Diversity of Citizenship.**

For diversity jurisdiction purposes, a person's domicile determines citizenship. See Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). "A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." McEntire v. Kmart Corp., 2010 WL 553443, at *3 (citing Crowley v. Glaze, 710 F.2d at 678). See Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). If neither a person's residence nor the location where the person has an intent to remain can be established, the person's domicile is that of his or her parents at the time of the person's birth. See Gates v. Comm'r of Internal Revenue, 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to an individual is the domicile of his

parents. It continues until another domicile is lawfully acquired."). Additionally, "while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship." McEntire v. Kmart Corp., 2010 WL 553443, at *3 (citing State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994)). A corporation, on the other hand, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000)(quoting 28 U.S.C. § 1332(c)(1)).

### 2. Amount in Controversy.

The statutory amount-in-controversy requirement, which presently stands at $75,000.00, must be satisfied as between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute; "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs aggregate their claims against a single defendant to exceed the threshold. Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *18 (D.N.M. Mar. 30, 2010)(Browning, J.). If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims. See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, 2010 WL 1608884, at *18. Similarly, multiple plaintiffs may aggregate the amounts of their claims against a single defendant if the claims are not "separate and distinct." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292 (10th Cir. 2001)(Seymour, C.J.), abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014). Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the claims are entirely unrelated. See 14AA Charles A. Wright, Arthur R.

Miller, Edward H. Cooper, Vikram D. Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman, & Catherine T. Struve, Federal Practice and Procedure, Jurisdiction § 3704, at 566-95 (4th ed. 2011).  While the rules on aggregation sound complicated, they are not in practice: if a single plaintiff -- regardless whether he or she is the only plaintiff who will share in the recovery -- can recover over $75,000.00 from a single defendant -- regardless whether the defendant has jointly liable co-defendants -- then the court has original jurisdiction over the dispute between that plaintiff and that defendant.  The court then can exercise supplemental jurisdiction over other claims and parties that "form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), meaning that they "derive from a common nucleus or operative fact."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

A preponderance of the evidence must establish the amount in controversy.  See McPhail v. Deere & Co., 529 F.3d at 953.  In the context of establishing an amount in controversy, the plaintiff's chosen amount of damages in the complaint might seem to bind the defendant, which would seem to allow a plaintiff to avoid federal jurisdiction "merely by declining to allege the jurisdictional amount [in controversy]."  McPhail v. Deere & Co., 529 F.3d at 955. The United States Court of Appeals for the Tenth Circuit's decision in McPhail v. Deere & Co. forecloses such an option from a plaintiff who wishes to remain in State court.  McPhail v. Deere & Co. holds that a defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that make it possible that $75,000 is in play."  529 F.3d at 955.  The Supreme Court recently clarifies that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  See Dart Cherokee Basin Operating Co. v. Owen, 135 S.Ct. 547, 554 (2014).  The district court should consider outside evidence and find by a preponderance of the evidence

whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co. v. Owen, 135 S. Ct. at 554.

## ANALYSIS

Having reviewed the Petition and the relevant law, the Court dismisses this case without prejudice for lack of jurisdiction. DeWitte and Cochran have not established that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332, because the Petition does not demonstrate that there is complete diversity among DeWitte and Cochran and USAA. See Thompson v. Intel Corp., 2012 WL 3860748, at *12 (quoting 28 U.S.C. § 1332(a))("Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"). DeWitte and Cochran have not established their citizenship. DeWitte and Cochran allege that they own a home in New Mexico and provide a New Mexico address for themselves. See Petition at 1, 5. DeWitte and Cochran do not allege sufficient facts showing that they intend to remain in New Mexico indefinitely, however. See McEntire v. Kmart Corp., 2010 WL 553443, at *3 ("A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit.")(citing Crowley v. Glaze, 710 F.2d at 678). Furthermore, the United States Postal Service could not deliver the copies of the Order to Show Cause that the Clerk mailed to DeWitte and Cochran at their New Mexico address.

Magistrate Judge Robbenhaar, after notifying DeWitte and Cochran that they have not established jurisdiction based on diversity of citizenship, orders DeWitte and Cochran to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. See Order to Show Cause at 4. The deadline to amend was March 18, 2025. See Order

- 9 -

to Show Cause at 4.  DeWitte and Cochran have not shown cause why the Court should not dismiss this case; nor do DeWitte and Cochran file an amended complaint.  The Court, therefore, dismisses this action.

**IT IS ORDERED** that: (i) the Plaintiffs' Petition, filed February 24, 2025 (Doc. 1), is dismissed without prejudice; (ii) this case is dismissed without prejudice; and (iii) a separate Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jacob DeWitte
Santa Fe, New Mexico

Caroline Cochran
Santa Fe, New Mexico

    *Plaintiffs pro se*